**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

In Re: Don Karl Juravin

DON KARL JURAVIN,

        Appellant,

v.                                   Case No:   5:23-cv-166-GAP

DENNIS D. KENNEDY,

        Appellee

---

**ORDER**

This cause came on for consideration without oral argument on appeal from the United States Bankruptcy Court for the Middle District of Florida.[1] Appellee Dennis Kennedy ("Kennedy") filed a Motion to Dismiss Appellant Don Juravin's ("Juravin's") appeal for lack of jurisdiction. Doc. 10. The Court has also considered Juravin's Response. Doc. 14.

District Courts are afforded limited appellate jurisdiction over "final judgments, orders, and decrees" from bankruptcy cases—jurisdiction over

---

[1] The Bankruptcy proceeding encompasses several jointly administered cases: Case No.6:18-bk-06821-LVV, Case No. 6:20-bk-01801-LVV, and Adv. Pro. No. 6:21-ap-00103-LVV (Consolidated with: Adv. Pro. No. 6:21-ap-00142-LVV and Adv. Pro. No. 6:22-ap-00019-LVV). *See* Doc. 1-1 at 5, 8.

interlocutory orders only exists "with leave of the court." 28 U.S.C. § 158(a). Federal Rule of Bankruptcy Procedure 8004(a)(2) requires that any appeal brought to a district court from an interlocutory order in the bankruptcy proceeding must "be accompanied by a motion for leave to appeal prepared in accordance with subdivision (b)." Juravin admits that he did not seek leave to file his interlocutory appeal to this Court in accordance with Rule 8004. Doc. 14 at 2 ("It is true that the *pro se* Debtor did not file a motion under Rule 8004(a)."). Considering Juravin's *pro se* status, and in the interest of judicial economy, the Court treats his Notice of Appeal as a motion for leave to appeal. *See* Fed. R. Bankr. P. 8004(d) (2022).

The orders under appeal are not final orders appealable as a matter of right. *See In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985). The first order Juravin appeals granted Kennedy's motion for leave to intervene as a party plaintiff. Doc. 1-1 at 5-6. This order did not fully resolve any separate dispute in the bankruptcy proceedings—it merely joined a party to an ongoing dispute—and therefore is not a final appealable order. *See Brown v. New Orleans Clerks and Checkers Union Local No. 1497 I.L.A.*, 590 F.2d 161, 163-64 (5th Cir. 1979)[2] ("[I]t is clear that an order allowing intervention is interlocutory and may not be appealed immediately.") (internal citations omitted); *see also In re Charter Co.*, 778 F.2d at 621 ("Although

---

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

courts take a more liberal view of what constitutes a separate dispute for purposes of appeal in bankruptcy cases, the separate dispute being assessed must have been fully resolved and leave nothing more for the bankruptcy court to do.") (internal quotations and citations omitted).

The Bankruptcy Court's order granting Kennedy's motion to consolidate related adversary proceeding cases is similarly non-final and unappealable. *See Hoffman v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) ("[A]n order granting or denying consolidation under Rule 42(a)[3] is not appealable under the collateral order doctrine."); *In re Charter*, 778 F.2d at 621 ("In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy *that must have been finally resolved*, rather than the entire bankruptcy litigation.") (emphasis added). The Bankruptcy Court's order, far from finally resolving any controversy, simply consolidates several ongoing adversary proceedings for joint administration and is unappealable. *See id.*

This Court may, nevertheless, grant leave to hear Juravin's appeal pursuant to 28 U.S.C. § 158(a) if he demonstrates "that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would

---

[3] Fed. R. Bankr. P. 7042 (2022) ("Rule 42 F.R.Civ.P. applies in adversary proceedings.").

- 4 -

materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b); *see also In re Charter*, 778 F.2d at n. 5. Juravin has failed to establish any of these factors, however. *See* Doc. 14 at 2-5. Therefore, his appeal is due to be dismissed.

Accordingly, it is **ORDERED** that Appellee's Motion to Dismiss (Doc. 10) is hereby **GRANTED**. Appellant's appeal is dismissed for lack of jurisdiction. Any pending motions are dismissed as moot and the clerk is directed to close the case.[4]

**DONE** and **ORDERED** in Orlando, Florida on May 3, 2023.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] Mr. Juravin is admonished that any further appeals that are unauthorized or frivolous may result in the imposition of sanctions against him.